[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 4, 2008
THOMAS K. KAHN
CLERK

No. 08-12367
Non-Argument Calendar

_____

D. C. Docket No. 06-01022-CV-J-12TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOLA C. BROKEMOND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 4, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lola Brokemond, proceeding pro se, appeals the district court's grant of

summary judgment to the Government in the Government's suit under 26 U.S.C. § 7405 to recover tax refunds that were erroneously issued to Brokemond. On appeal, Brokemond argues that summary judgment was not appropriate because she did not knowingly or intentionally misrepresent facts on the tax forms that resulted in erroneous refunds being issued to her. She asserts that an element of willfulness should be required just as in tax debtor cases. She also states that she believed that her refund claims were legitimate based on the fact that the Internal Revenue Service ("IRS") asked her to disallow the claims, and there was no evidence of fraud or deception as she made numerous calls to the IRS to ensure the authenticity of her claims. Brokemond claims that she trusted a tax preparer to file a legitimate tax form, and she trusted the IRS to properly process the claim forms that she submitted. In her construed reply brief, Brokemond asserts that recovery of the refunds by the Government would be unjust because she "drastically" changed her position in reliance on the individual who prepared the refund claims and the lack of advice she received from the Government. She adds that there is no chance of the misrepresentation happening again.

"[We] review[ ] the district court's grant of summary judgment de novo, applying the same legal standard that the district court employed in the first instance." Yang v. Government Employees Ins. Co., 146 F.3d 1320, 1322 (11th

Cir.1998). "[A] moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting Fed.R.Civ.P. 56(c)).

The Government may bring a civil action to recover erroneously-refunded taxes. 26 U.S.C. § 7405(b). To prevail in an action brought under § 7405(b), the Government must prove that: (1) a refund of a sum certain was made to a taxpayer; (2) the tax refund was erroneously issued; and (3) the lawsuit to recover the erroneously issued taxes was timely filed. See 26 U.S.C. § 7405(b). Recovery of erroneous refunds under § 7405 is only allowed if the suit is brought within two years of the issuance of the refund, but the suit may be brought at any time within five years of the issuance of the refund "if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact." 26 U.S.C. § 6532(b). "Statutes of limitations sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government." Badaracco v. C.I.R., 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984).

As an initial matter, Brokemond abandoned any argument that she has changed her position such that recovery of the refunds would be unjust by failing

3

to raise that argument in her initial brief.  See Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995) (quotations omitted) (noting that "[i]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned").  Brokemond did attempt to raise this argument in her construed reply brief.  As such, Brokemond failed to properly raise the issue on appeal.  United States v. Britt, 437 F.3d 1103, 1104 (11th Cir. 2006) (noting that this Court does not consider issues raised for the first time in an appellant's reply brief).

The district court did not err in granting summary judgment to the Government.  First, Brokemond admits that she received refunds of a sum certain, i.e., $32,180,40 and $35,204.48.  See 26 U.S.C. § 7405(b).  Second, Brokemond admits that the tax refunds were erroneously issued.  Because Brokemond has admitted the first two elements of § 7405(b), the only element in question is whether the Government's lawsuit to recover the refunds was timely filed.  See 26 U.S.C. § 7405.  Brokemond received the erroneous refunds in 2003, and the Government sued her in 2006, outside the two-year statute of limitations.  Thus, the suit was timely only if the Government was entitled to use the five-year statute of limitations, which applies when an erroneous refund has been induced by misrepresentation of a material fact.  See 26 U.S.C. § 6532(b).

Brokemond does not dispute that the Forms 2439 contained

4

misrepresentations of material facts, and the misrepresentations induced the refunds. Instead, she argues that she did not know about the misrepresentations at the time the tax forms were filed, and she had no intent to make the misrepresentations. The plain language of the § 6532(b) only requires that the refunds be induced by misrepresentation. We need not decide in this case the precise scope of the statutory term "misrepresentation." See United States v. Northern Trust Co., 372 F.3d 886, 889-90 (7th Cir. 2004) (determining that misrepresentation under § 6532(b) is not limited to intentional deception); Lane v. United States, 286 F.3d 723, 732 (4th Cir. 2002) (holding that misrepresentation "lies somewhere between the words 'misstatement' and 'fraud' on a scale of increasing culpability"). Under the undisputed facts of this case, there has been a sufficient misrepresentation under any reasonable interpretation.

Accordingly, the misrepresentations in Brokemond's refund requests triggered the five-year statute of limitations. Brokemond's argument that a willfulness requirement should apply, just as in tax debtor cases, is not meritorious because § 6532(b) does not contain an explicit willfulness requirement that the tax debtor subsection that she apparently refers to in her brief does. See 11 U.S.C. § 523(a)(1)(C) (providing that "the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax").

Because Brokemond's tax refunds were induced by misrepresentations of material facts, we affirm the district court's grant of summary judgment in favor of the Government.

**AFFIRMED.**[1]

---

[1] Brokemond's motion to amend brief is granted to the extent that the arguments contained in that motion are construed as a reply brief.